UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DEBRA L. JENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 2:04-CV-284 PS |
| v. | ) | |
| | ) | |
| HARRAH'S INDIANA CASINO CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Defendant Showboat Marina Casino Partnership's Bill of Costs [Doc. 46][1]. For the following reasons, the bill is **GRANTED**.

## I. BACKGROUND

On June 26, 2006, the Court entered summary judgment against Plaintiff [Doc. 44] in this case brought under the Age Discrimination in Employment Act of 1967. Defendant timely filed a Bill of Costs, and requests a total of $1,997.51 in costs. Specifically, it seeks reimbursement for costs associated with depositions ($1,239.31) and photocopying ($758.20). Plaintiff has not filed any response or objection to Defendant's request for costs.

## II. DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) governs the award of costs. Costs other than attorneys' fees are allowed as a matter of course to the prevailing party unless the Court directs otherwise. Fed. R. Civ. P. 54(d)(1). However, Rule 54(d) allows a party to recover only those costs listed in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-

---

[1] Defendant Showboat was incorrectly sued as "Harrah's Indiana Casino Corp." (*See* Def.'s Answer at 1.)

42 (1987); *Winniczek v. Nagelberg*, 400 F.3d 503, 504 (7th Cir. 2005).  These costs include:

>   (1) Fees of the clerk and marshal;
>
>   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
>   (3) Fees and disbursements for printing and witnesses;
>
>   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
>   (5) Docket fees . . . ;
>
>   (6) Compensation of court appointed experts . . . .

28 U.S.C. § 1920.  While the district court has wide discretion in awarding costs, Rule 54(d)(1) creates a "presumption in favor of a cost award" as long as the costs are statutorily authorized. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000); *see also Beamon v. Marshall & Isley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (holding that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate.").  Before assessing costs, the court must determine (1) "that the expenses are allowable cost items," and (2) "that the amounts are reasonable and necessary."  *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

### A.      Court Reporting & Transcription Fees

Defendant requests a total of $1239.31 for costs associated with the taking, transcription and duplication of seven depositions, and has provided receipts for each deposition.  (P. Patten Decl., Ex. A.)  Deposition costs (including transcripts) are authorized under § 1920(2).  *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998).  Accordingly,

reimbursement for these costs are proper.  *See Beamon*, 411 F.3d at 864 (allowable deposition costs include transcript fees, court reporter costs, and videotaping fees).  The Court also finds that these costs are reasonable and necessary.  Defendant utilized excerpts from several depositions in support of its successful summary judgment motion.  We nevertheless need not undertake a painstaking review of the propriety of deposition costs because the uncertainty of victory on summary judgment creates a market constraint which prohibits parties from running up deposition costs.  *See Anderson v. Griffin*, 397 F.3d 515, 522 (7th Cir. 2005).  Moreover, because Plaintiff raises no objections to the Bill of Costs, she has waived her objections to Defendant's cost requests.  *See Palmer v. Marion County*, 327 F.3d 588, 597 (7th Cir. 2003).  Therefore, the requested amount of $1,239.31 is appropriate.

**B.     Photocopying Costs**

Next, Defendant requests $758.20 for photocopies.  A prevailing party may recoup costs for photocopying under § 1920(4).  Defendant seeks reimbursement for photocopies of 3,791 pages (at $.20 per page) served on Plaintiff in response to Plaintiff's document production requests.  (P. Patten Decl. ¶ 3a.)  Again, Plaintiff has not objected to this cost.  The Court finds that the requested amount is reasonable and grants Defendant's request for copying costs in the amount of $758.20.

## III.  CONCLUSION

For the foregoing reasons, Defendant's Bill of Costs [Doc. 46] is **GRANTED**.

Defendant is awarded costs of $1,997.51.

**SO ORDERED.**

ENTERED: October 13, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
